E-FILED
Monday, 01 June, 2020  11:00:41 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

EDWARD W.,                        )
                                  )
              Plaintiff,          )
                                  )
        v.                        )        Case No. 1:18-cv-1454-JES-JEH
                                  )
COMMISSIONER OF SOCIAL            )
SECURITY,                         )
                                  )
              Defendant.          )

## <u>ORDER AND OPINION</u>

This matter is now before the Court on Plaintiff's Motion for Summary Judgment (Doc. 11) and Memorandum in Support (Doc. 12); the Commissioner's Motion for Summary Affirmance (Doc. 15) and Memorandum in Support (Doc. 15-1); Plaintiff's Reply (Doc. 16) thereto; the Magistrate Judge's Report and Recommendation (Doc. 17); the Commissioner's Objections (Doc. 18) thereto; and Plaintiff's Objections and Response to the Commissioner's Objections (Doc. 19). For the reasons set forth below, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 17); Plaintiff's Motion for Summary Judgment (Doc. 11) is GRANTED and the Commissioner's Motion for Summary Affirmance (Doc. 15) is DENIED. This matter is remanded for further proceedings.

### BACKGROUND

The facts of this case have been sufficiently detailed in the Magistrate Judge's Report and Recommendation (Doc. 17), which the Court now adopts. The Court thus recounts the facts here in a summary fashion.[1] Additional facts will be incorporated as necessary in the discussion

---

[1] Consistent with the Magistrate Judge's Report and Recommendation (Doc. 17), references to the pages within the Administrative Record (Doc. 7) will be identified as "AR [page number]."

section, *infra*.

Edward filed his application for supplemental security income (SSI) on September 15, 2014, alleging disability beginning on July 22, 2013. His claim was denied initially on January 22, 2015 and upon reconsideration on August 21, 2015. Edward filed a request for hearing concerning his application for SSI, which was held before the Honorable Kathleen Winters ("ALJ") on July 17, 2017. At that hearing, Edward, who was represented by an attorney, and a vocational expert testified. After the hearing, Edward's claim was denied on November 17, 2017. The Appeals Council denied Edward's request for review on October 19, 2018, making the ALJ's Decision the final decision of the Commissioner.

Edward filed the instant civil action seeking review of the ALJ's Decision on December 24, 2018. On December 20, 2019, the Magistrate Judge entered a Report and Recommendation proposing: 1) the Plaintiff's Motion for Summary Judgment (Doc. 11) be granted; 2) the Defendant's Motion for Summary Affirmance (Doc. 15) be denied; and 3) this case be remanded to the Commissioner of Social Security for further proceedings consistent with this Opinion pursuant to 42 U.S.C. § 405(g), Sentence Four.

## LEGAL STANDARD

When reviewing a decision to deny benefits, the Court "will uphold the Commissioner's decision if the ALJ applied the correct legal standards and supported his decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010) (internal quotations omitted). "When reviewing for substantial evidence, [the Court] do[es] not displace the ALJ's judgment by reconsidering facts or evidence or making credibility determinations." *Id*. If

reasonable minds could differ as to whether the plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012).

DISCUSSION

Both parties filed Objections to the Magistrate Judge's Report and Recommendation. Plaintiff objects to part A and asks the Court to adopt parts B and C. *See generally* Doc. 19. The Commissioner objects to parts B and C. *See generally* Doc. 18. The Court will address the objections to each part of the Magistrate Judge's Report and Recommendation in turn.

**Part A of the Report and Recommendation**

Plaintiff objects to part A of the Report and Recommendation, in which the Magistrate Judge found that remand pursuant to sentence six of 42 U.S.C. § 405(g) is not permitted in this case. Doc. 19.

In support of his Motion for Summary Judgment, Plaintiff argued remand pursuant to sentence six is appropriate because the Commissioner failed to exhibit and consider relevant evidence that Plaintiff submitted, namely the deposition of Dr. Henry. Doc. 12, at 13. Plaintiff asserted Dr. Henry's deposition should be deemed "new" because the Commissioner's failure to exhibit it deprived Plaintiff of the opportunity to have it considered. *Id.* at 14. Plaintiff further argued the deposition is "material" because Dr. Henry's analysis rebuts the ALJ's reasoning to disregard some of Plaintiff's symptoms and underscores the ALJ's failure to consider other symptoms. *Id.* In other words, Plaintiff contends there was a reasonable probability the ALJ would have reached a different conclusion. *Id.* at 15.

The Commissioner argued remand under sentence six is not appropriate because Plaintiff has not established that the deposition of Dr. Henry is "new" evidence. Doc. 15-1, at 3. The deposition should not be considered "new" evidence because it existed and was available to

Plaintiff at the time of the administrative hearing. *Id.* The Commissioner notes the ALJ reasonably relied on statements from the Plaintiff's attorney, who said Dr. Henry's deposition "would merely compound the evidence" already in the file. *Id.*

> Sentence Six of 42 U.S.C. § 405(g) provides in relevant part:
>
> The Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding … .

*Id.* Put simply, "sentence six authorizes a district court to remand without ruling on the merits in two circumstances: when (1) the Commissioner requests a remand before filing her answer and demonstrates good cause, or (2) there is evidence that is new and material, plus a showing of 'good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *DeGrazio v. Colvin*, 558 F. App'x 649, 652 (7th Cir. 2014) (quoting 42 U.S.C. § 405(g)). "New" evidence is that which was not in existence or available to the claimant at the time of the administrative proceeding. *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997).

Here, Plaintiff submitted to the hearing office the transcript of a December 2016 deposition of his pain specialist, Dr. Henry, taken in Plaintiff's suit against the State of Illinois concerning a 2013 injury. AR 274-75 (attorney's cover letter describing the deposition). In his pre-hearing memorandum, the Plaintiff's attorney noted the fact that it had not yet been marked as an exhibit. AR 288-89. At the hearing, the ALJ and the Plaintiff's attorney discussed the evidence in the file. AR 40. The Plaintiff's attorney stated he had submitted "several depositions from the claimant's civil claim versus the State of Illinois." AR 40. When asked what the deposition evidence showed, the Plaintiff's attorney stated, "It's not clear that there will be any

objective findings that are inconsistent from what we see so far in the file." AR 41. The Plaintiff's attorney further stated the deposition evidence "would merely compound the evidence that we've already submitted into the file." AR 41. Based on the attorney's representation that the deposition evidence was compound, the ALJ determined the case would proceed without the evidence. AR 41. The ALJ asked the Plaintiff's attorney if there were any objections to the evidence submitted into the record, and the Plaintiff's attorney said he had no objections. AR 41.

In his Report and Recommendation, the Magistrate Judge recommended that Plaintiff's request for remand under sentence six be denied. Doc. 17, at 11. The Magistrate Judge agreed that Dr. Henry's deposition was not "new" as that term is defined for purposes of the sixth sentence of 42 U.S.C. § 405(g) because it was both in existence and available to Plaintiff at the time of the administrative hearing. *Id.* at 10. The Magistrate Judge also found the Court lacks authority to remand under sentence six due to incompleteness of the record on a *claimant's* motion. *Id.* at 11. The plain language of the statute allows such a remand to be granted only on the Commissioner's motion. *Id.*

In his Objections to the Magistrate Judge's findings, Plaintiff argues "the Commissioner's oversight in failing to include Dr. Henry's deposition in the record before the ALJ should not rob [Plaintiff] of the opportunity to have the evidence considered. *Id.* at 4. To support his argument, Plaintiff points to a case from the Northern District of Illinois, in which the court found remand was appropriate under sentence six because there was new and material evidence that was not considered by the Appeals Council. *See Girondi v. Astrue*, No. 09 C 3623, 2011 WL 1789810, at *19-20 (N.D. Ill. May 6, 2011). However, even if this case were authoritative, it does not support the contention that Dr. Henry's deposition is "new and material."

In *Girondi*, the ALJ indicated the record would remain open after the administrative

hearing in order for the claimant to submit forthcoming test results, but the ALJ rendered an opinion before counsel could submit the test results. *Id.* at *18. Counsel submitted those test results to the Appeals Council, but the new evidence was either ignored or "lost somewhere in the bureaucratic morass." *Id.* at *19. That is not the case here. Here, the Plaintiff's attorney submitted the deposition transcript before the administrative proceeding and noted it had not been marked as an exhibit. When the ALJ asked about the deposition evidence, the Plaintiff's attorney asserted it was "merely compounding" evidence already in the file and made no objection to proceeding with the evidence in the record. The ALJ reasonably relied on the Plaintiff's attorney's statement about the probative value of the deposition evidence. Thus, Plaintiff has failed to demonstrate that Dr. Henry's deposition was "new" evidence as defined by sentence six and remand would not be appropriate on this basis.

Alternatively, Plaintiff argues "should the Court find remand pursuant to sentence six is not permitted, [Plaintiff] notes that the ALJ has a duty to develop a full and fair record, whether or not the claimant is represented, and the failure to fulfill this obligation is still good cause to remand the case for obtaining additional evidence." Doc. 19, at 5. As discussed below, the case will be remanded for the ALJ to obtain an updated medical opinion. Thus, Plaintiff will have the opportunity to make sure his deposition evidence is in the record so it may be considered by the ALJ. *See Campbell v. Shalala*, 988 F.2d 741, 745 (7th Cir. 1993) (plaintiff allowed to submit additional relevant evidence for consideration on remand pursuant to sentence four).

**Parts B and C of the Report and Recommendation**

The Commissioner objects to part B of the Report and Recommendation, in which the Magistrate Judge recommends remand for the ALJ to obtain an updated medical opinion as to Plaintiff's physical impairments on his ability to perform work, and part C, in which the

Magistrate Judge recommends the ALJ reevaluate Plaintiff's subjective symptoms after obtaining an updated medical opinion. Doc. 18. The Commissioner raises two principal arguments in the Objections: 1) the ALJ's finding on Plaintiff's residual functional capacity ("RFC") is supported by substantial evidence and there are no grounds for remand for the ALJ to seek new medical opinion evidence; and 2) the ALJ reasonably evaluated Plaintiff's subjective symptoms. *Id.*

*1) Whether the ALJ's Finding on Plaintiff's RFC is Supported by Substantial Evidence*

In support of his Motion for Summary Judgment, Plaintiff argued the RFC was based on the ALJ's own lay analysis of Plaintiff's limitations because she disregarded the opinions of State Agency reviewing medical sources. Doc. 12, at 7. The ALJ found the State Agency reviewers' opinions could not have "substantial probative value" because additional evidence and testimony had since been admitted to the record. *Id.* While Plaintiff agreed with this determination by the ALJ, he argued the later-admitted evidence underscored the importance of obtaining an updated medical opinion, which the ALJ did not obtain and instead made her own independent medical findings. *Id.*

In support of the Motion for Summary Affirmance, the Commissioner disputed the suggestion that the ALJ played doctor and argued Plaintiff did not point to any relevant evidence that contradicted the ALJ's RFC finding. Doc. 15-1. The Commissioner argued the ALJ more than adequately considered the medical evidence related to Plaintiff's knee problems, considered the evidence related to his neck impairment, and evaluated the medical opinion evidence. *Id.* at 5-6.

A claimant's RFC is "the most [a claimant] can still do despite [his] limitations." 20 C.F.R. § 416.945(a). The determination of RFC is "an issue reserved to the SSA" and is made based upon consideration of the entire record, "including all relevant medical and nonmedical

evidence." *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995) (citing 20 C.F.R. § 416.945(a) and 20 C.F.R. § 416.927(e)(2)). The Magistrate Judge notes that both parties recognize that the determination of a claimant's RFC is an issue for the ALJ, but the dispute here is whether the ALJ stayed within the proper bounds of her authority in assessing Plaintiff's RFC. Doc. 17, at 12.

Here, the ALJ explained she "considered the medical opinions provided by treating sources, examining sources, as well as non-treating sources." AR 28. She referred explicitly to the State Agency medical sources' findings and determined those findings:

> are not supported by the complete medical record; multiple medical evidence documents have been admitted to the record since state agency reviewing medical sources assessed the claimant capable of performing substantial gainful activity in January and August 2015 . . . In addition, testimony has been received from the claimant and a vocational expert. Therefore, the [RFC] determined herein supplants that of the state agency, because the current [RFC] assessment is based on all the evidence of record including evidence not before the state agency. The assessments of state agency reviewing medical sources therefore cannot be afforded substantial probative value[.]

AR 28. The ALJ cited two medical records dated before February 2015: the consultative internist's December 2014 examination and a December 2014 right knee MRI. AR 23. The ALJ then proceeded to discuss medical records dated April 2015 through April 2017. AR 23-24. The post-February 2015 evidence included office visit notes (including examination results), cervical spine MRI results, emergency room records, lower thoracic and lumbar spine CT scan results, lumbar spine MRI results, knee MRI results, cervical spine CT scan results, and right shoulder x-ray results. Later in her decision, the ALJ explained that Plaintiff's allegation of complete and total disability was inconsistent with the objective medical evidence and pointed to radiographic imaging, which showed "mild degenerative spinal column changes but no evidence of a disc herniation or nerve root involvement" and "other anatomical abnormalities, but none have been

reported to be severe." AR 27.

In his Report and Recommendation, the Magistrate Judge noted "[t]here is a fine line between an ALJ considering medical evidence for purposes of fulfilling her duty to determine a claimant's RFC and an ALJ playing doctor in her consideration of that medical evidence." Doc 17, at 13. The Magistrate Judge found the ALJ crossed that line in this case and "considered as a layperson the bulk of medical evidence that was not before the State Agency reviewing medical sources." *Id.* In so finding, the Magistrate Judge observed the ALJ did not point to any medical opinions in the record that also considered any or all of that same medical evidence which was not before the State Agency. *Id.* The Magistrate Judge pointed to the ALJ's duty to both develop the record and to remain within the proper bounds in her consideration of the record. *Id.* at 14. Because the ALJ did not do either, the Magistrate Judge recommends remand for the ALJ to obtain an updated medical opinion as to the impact of Plaintiff's physical impairments on his ability to perform work. *Id.*

In the Commissioner's Objections, he argues there are no grounds to remand for the ALJ to obtain a new medical opinion and the ALJ did not "play doctor." Doc. 18, at 2. The Commissioner contends Plaintiff did not present any evidence, except Dr. Henry's deposition, to show the ALJ failed in her duty to develop the record. *Id.* The Commissioner further argues the ALJ had the duty to assess Plaintiff's RFC based on all relevant medical and nonmedical evidence, and there was no deficiency in the ALJ's fact-finding. *Id.* at 2-3. The Commissioner quotes the Seventh Circuit, which stated "[t]he cases in which we have reversed because an ALJ impermissibly 'played doctor' are ones in which the ALJ failed to address relevant evidence." *Id.* at 3 (quoting *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th. Cir. 2001)). The Commissioner contends that if the ALJ in this case is found to have "played doctor," it would "call into question

all agency decisions where an ALJ fulfills his or her regulatory duty of evaluating the regulatory evidence but does so in a manner that the claimant disagrees with." *Id.* at 3. However, the Commissioner does not address the Magistrate Judge's finding that the ALJ failed to cite any medical opinion evidence in her analysis of the radiography imaging results or other objective medical evidence, and that the ALJ exceeded her regulatory duty to evaluate the evidence.

As the Magistrate Judge found, the ALJ played doctor by taking such radiographic imaging results and exalting them over other medical evidence of record to conclude they showed Plaintiff was not completely and totally disabled insofar as the objective medical evidence showed. The ALJ considered medical evidence pertaining to Plaintiff's complained-of knee issues (both left and right), cervical spine, lumbar spine, and such medical evidence included more than just radiographic imaging. The State Agency assessments were outdated by the time the ALJ considered the radiographic imaging upon which she placed emphasis in support of her final RFC assessment. While the Commissioner argues Plaintiff should have submitted more evidence to support his disability claim, it remained the ALJ's duty to both develop the record and to remain within the proper bounds in her consideration of the record. Here, the ALJ did not fully develop the record by obtaining an updated medical opinion, choosing instead to exceed the proper bounds of her authority with her layperson interpretation of the medical evidence. Indeed, the Court's analysis may have been different had the ALJ further developed the record by consulting a medical expert for an updated opinion. *See, e.g., Akin v. Berryhill*, 887 F.3d 314, 317-18 (7th Cir. 2018) (explaining the MRI results in the record may have corroborated the claimant's complaints or may have lent support to the ALJ's original interpretation, "but either way the ALJ was not qualified to make his own determination without the benefit of an expert opinion" and commenting the ALJ had "many options" to avoid playing

doctor, including seeking an updated medical opinion). Accordingly, the Court adopts the Magistrate Judge's recommendation to remand this case for the ALJ to obtain an updated medical opinion as to the impact of Plaintiff's physical impairments on his ability to perform work.

*2) Whether the ALJ Reasonably Evaluated Plaintiff's Subjective Symptoms*

In support of his Motion for Summary Judgment, Plaintiff argued the ALJ misrepresented the evidence and improperly played doctor in analyzing it. Doc. 12, at 11. While Plaintiff acknowledged an ALJ's subjective symptom analysis is entitled to deference, he said the ALJ is still required to "build an accurate and logical bridge between the evidence and the result." *Id.* (quoting *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). Plaintiff argued the ALJ "improperly held the objective evidence against [Plaintiff's] allegations on speculative bases" and misrepresented Plaintiff's reports of his activities. *Id.* at 12. Finally, Plaintiff argues the ALJ failed to cite evidence or "construct a logical bridge" on her findings about Plaintiff's lack of "disabling" medication side effects. *Id.* at 13.

In support of the Motion for Summary Affirmance, the Commissioner argued the ALJ's evaluation of Plaintiff's subjective symptoms complied with 20 C.F.R. § 416.929. Doc. 15-1, at 8. The Commissioner contends the objective medical evidence was only one of several factors that the ALJ considered, so it was not the "sole" basis of her subjective symptom evaluation, and the ALJ was not required to discuss every piece of evidence in the record. *Id.* at 9. Since the ALJ's evaluation of Plaintiff's subjective symptoms was not "patently wrong," the Commissioner argued that her evaluation should be upheld. *Id.* at 11.

"An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. . ." 42 U.S.C. § 423(d)(5)(A). The regulations set forth a two-step process

for evaluating a claimant's "symptoms," that is, the claimant's own statements about his impairments. *See* 20 C.F.R. § 416.929. The ALJ first determines whether the claimant has a medically determinable impairment that "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 416.929(a). If so, the adjudicator then "evaluate[s] the intensity and persistence" of the claimant's symptoms and determines how they limit his "capacity for work." 20 C.F.R. § 416.929(c).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to produce some of his alleged symptoms, but Plaintiff's allegation of complete and total disability was inconsistent with record evidence. AR 27. The ALJ explained she relied on objective medical evidence, Plaintiff's daily activities, the medical opinion evidence (or lack thereof), and the effectiveness of Plaintiff's treatment in evaluating his subjective reports. AR 27-28.

In his Report and Recommendation, the Magistrate Judge recommends that "upon remand the ALJ re-evaluate [Plaintiff's] subjective symptoms after proper consideration of the medical evidence of record (i.e., after the ALJ obtains an updated medical opinion)." Doc. 17, at 15. This recommendation was based on Plaintiff's argument that the ALJ subjective symptom evaluation was erroneous, in part, because the ALJ misrepresented the objective evidence. *Id.*

In the Objections to the Magistrate Judge's findings, the Commissioner argues that because there are no grounds to remand for the ALJ to obtain new medical opinion evidence, the ALJ's subjective symptom evaluation should not be disturbed. Doc. 18, at 4. However, as the Magistrate Judge noted, the ALJ must consider all of the claimant's symptoms, including pain, and the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. Doc. 17, at 15 (citing 20 C.F.R. § 416.929(a)). If

new medical evidence (such as an updated medical opinion) is going to be added to the record, then the ALJ's evaluation of Plaintiff's subjective symptoms may change as she compares those symptoms to the other evidence. As such, the ALJ should re-evaluate Plaintiff's subjective symptoms after proper consideration of the medical evidence of record.

### CONCLUSION

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation (Doc. 17); Plaintiff's Motion for Summary Judgment (Doc. 11) is GRANTED to the extent it is consistent with the Magistrate's Report and Recommendation; the Commissioner's Motion for Summary Affirmance (Doc. 15) is DENIED. This matter is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Opinion pursuant to 42 U.S.C. § 405(g), Sentence Four.


Signed on this 1st day of June, 2020.

s/James E. Shadid
James E. Shadid
United States District Judge